923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Morgan Lee SPRIGG, III, Plaintiff-Appellant,
v.
COMMISSIONERS OF PUBLIC SERVICE COMMISSION, Darrell Hardman,
d/b/a Hardman's Seventh Street Exxon, Defendants-Appellees.
 No. 90-1102.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1990.
Decided Jan. 23, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-90-616-2)
 Morgan Lee Sprigg, III, appellant pro se.
 S.D. W.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Morgan Sprigg appeals the district court's dismissal, under 28 U.S.C. Sec. 1915(d), of his suit seeking a declaratory judgment that the assessment of certain towing and storage charges (incurred by the previous owner of his automobile at the direction of the West Virginia state police) against him amounted to an unconstitutional deprivation of his property without due process of law. Sprigg also appeals the denial of his motion for reconsideration.
 
 
 2
 The district court found that prior West Virginia state court judgments precluded federal review under Allen v. McCurry, 449 U.S. 90 (1980), and Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984). Although Sprigg was not a party to the suit filed by the previous owner against defendant Hardman, he is in privity with him. Therefore, we agree with the district court that those judgments must be given res judicata effect in this case.
 
 
 3
 In addition, we find Sprigg's claim meritless on other grounds. Sprigg alleges that defendants have acted outside of established state policy and procedure in creating the lien at issue. Assuming, arguendo, that the necessary state action is involved, under Hudson v. Palmer, 486 U.S. 517 (1984), a random unlawful taking by a state official does not amount to a constitutional violation where the state provides an adequate post-deprivation remedy. Sprigg is free to bring either a detinue action against Hardman under W.Va.Code Sec. 55-6-1 or a common law action against the seller of the car to void the sale based on misrepresentation. Accordingly, we affirm the district court's dismissal of this suit and its denial of the motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.